UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-00114-FDW

| | | |
|---|---|---|
| WILLIAM ISAAC ERWIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| KEN BEAVER, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of William Isaac Erwin's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1).[1]

## I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina who, according to his Petition, pled guilty to first-degree murder in McDowell County Superior Court on June 28, 2016. He was sentenced to life in prison without the possibility of parole. Petitioner did not file a direct appeal. (§ 2254 Pet. 1-2, Doc. No. 1.)

Petitioner filed a Motion for Appropriate Relief ("MAR") in McDowell County Superior Court on February 24, 2017. It was dismissed by written order signed March 24, 2017 and filed March 28, 2017. (Order Den. MAR, Pet'r's Att. 5, Doc. No. 1-7.) He filed a petition for writ of certiorari in the North Carolina Court of Appeals ("NCCOA") on June 14, 2017; it was dismissed on July 3, 2017. (Order Dismiss. Cert. Pet., Pet'r's Att. 13(a) at 1, Doc. No. 1-18.)

---

[1] Petitioner also has filed a Motion to Proceed In Forma Pauperis (Doc. No. 3) and paid the $5.00 filing fee. Consequently, the Court shall deny the Motion to Proceed In Forma Pauperis as moot.

1

Petitioner filed the instant § 2254 Petition on April 24, 2018. (§ 2254 Pet. Env., Doc. No. 1-21.)² The Petition raises two claims: 1) Petitioner's guilty plea was not voluntarily or intelligently entered because he lacked the mental capacity to proceed and was coerced into accepting the plea; and 2) defense counsel rendered ineffective assistance by failing to investigate the admissibility of Petitioner's confession and the viability of a diminished capacity defense prior to negotiating the plea and recommending that Petitioner accept it. (§ 2254 Claims 1-13, Doc. No. 1-1.)

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The court may dismiss a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the date on

---

² Although Petitioner signed the habeas Petition on April 13, 2018, he did not declare under penalty of perjury when he placed it in the prison mailing system (§ 2254 Pet. 14, Doc. No. 1). See Houston v. Lack, 487 U.S. 266, 267 (1988). The envelope in which Petitioner mailed his Petition is post-marked April 24, 2018. (§ 2254 Pet. Env., Doc. No. 1-21.) Therefore, the Court finds that is the date of filing. See id.

which the petitioner's judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.[3] § 2244(d)(1)(A). The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Judgment was entered in this case on June 28, 2016, when Petitioner was sentenced. To the extent he retained the right to a direct appeal after entering his guilty plea, Petitioner had 14 days to file a notice of appeal in the NCCOA. See N.C. R. App. P. 4(a)(2). Because he did not file a direct appeal, Petitioner's conviction became final on or about July 12, 2016, when the time for seeking direct review expired. See § 2244(d)(1)(A).

The federal statute of limitations then ran for 227 days until February 24, 2017, when Petitioner filed his MAR. The statute of limitations was tolled, at the latest, until July 3, 2017, when the NCCOA dismissed Petitioner's certiorari petition seeking review of the trial court's dismissal of the MAR.[4] See § 2244(d)(2). The statute of limitations resumed and ran for another 138 days until it finally expired on or about November 18, 2017. Petitioner filed the instant § 2254 Petition more than five months later. Thus, absent equitable tolling, Petitioner's habeas petition is time-barred under § 2244(d)(1)(A).

Equitable tolling of the statute of limitations is available only when the petitioner

---

[3] There are three alternate start dates for the statute of limitations. See 28 U.S.C. § 2244(d)(1)(B)-(D). However, the Petition does not allege any facts that support application of one or more of those alternate dates.

[4] The State moved to dismiss the certiorari petition for failure to comply with Rule 2(c) of the North Carolina Rules of Appellate Procedure. (State's Resp. to Cert. Pet. 3, Pet'r's Att. 8(a), Doc. No. 1-11). The NCCOA dismissed the certiorari petition without explanation five days later. (Order Dismiss. Cert. Pet., Doc. No. 1-18.) If the dismissal was based upon Petitioner's failure to comply with Rule 2(c), the statute of limitations would not have tolled during the pendency of the certiorari petition because the petition was not "properly filed" within the meaning of § 2244(d)(2). Instead, the statute of limitations would have tolled only until March 28, 2017, when the trial court dismissed the MAR, and would have fully expired on or about August 13, 2017. Because the Court is dismissing the instant Petition on initial review and it is untimely regardless of which date is used, the Court gives Petitioner credit for the maximum amount of time the statute of limitations could have tolled.

demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

In arguing why equitable tolling should apply, Petitioner states he did not learn until March 29, 2018, that the NCCOA had dismissed his certiorari petition the previous July. (§ 2254 Claims 15, Doc. No. 1-1.) According to Petitioner, on July 3, 2017, he received a copy of the State's June 28, 2017 response to his certiorari petition, which the State argued should be dismissed because it did not contain certified copies of supporting documents from the trial court record as required by North Carolina Rule of Appellate Procedure 21(c) (State's Resp. to Cert. Pet. 3, Pet'r's Att. 8(a), Doc. No. 1-11). (Doc. No. 1-1 at 14-15.) Petitioner asserts that he did not receive a copy of the NCCOA's subsequent order entered on July 3, 2017, dismissing his certiorari petition.[5] On July 14, 2017, Petitioner filed a motion titled "Request for Stay of Execution," seeking permission to file the supporting documents identified in the State's response. (Doc. No. 1-1 at 15.) The NCCOA dismissed the motion without explanation on July 19, 2017. (Order Dismiss. July 14, 2017 Mot., Pet'r's Att. 10(a), Doc. No. 1-14.) On March 29,

---

[5] As supporting evidence, Petitioner has provided a copy of a page from the prison's incoming mail log showing legal mail received by prisoners on July 3, 2017. (Legal Mail Log 4, Pet'r's Att. 9, Doc. No. 1-13.) The log supports Petitioner's allegation that he received the State's response to his certiorari petition on that date. It does not, however, support Petitioner's assertion that he never received the NCCOA's order dismissing the certiorari petition. That order was not entered until July 3, 2017, and, it should go without saying, the Clerk for the North Carolina Court of Appeals does not mail copies of court orders to the parties until those orders are entered.

2018, Petitioner asked a third party to inquire about the status of his certiorari petition; that person notified him the same day that the petition had been dismissed the previous July. (Doc. No. 1-1 at 15; Req. for Status Update, Pet'r's Att. 12, Doc. No. 1-17.)

Petitioner has demonstrated neither diligence nor that some extraordinary circumstance stood in his way and prevented timely filing of his federal habeas petition. See Holland, 560 U.S. at 649. First, it is not extraordinary for mail to fail to reach its destination. Petitioner does not allege the appellate court mailed him a copy of the July 3, 2017 order and prison officials deliberately or accidently did not deliver it to him. Nor does he allege the court failed to mail him a copy of the order. Even if any of these scenarios constituted an extraordinary circumstance, Petitioner has not demonstrated the necessary diligence in pursuing his rights.

When he received a copy of the State's response on July 3, 2017, Petitioner was on notice that his certiorari petition was at risk of dismissal for failure to comply with North Carolina Rule of Appellate Procedure 21(c). Then, without explanation, the NCCOA on July 19, 2017, rejected Petitioner's request that he be given an opportunity to comply with Rule 21(c) and avoid dismissal of his certiorari petition. Petitioner states he assumed the NCCOA's perfunctory dismissal of his "Request for Stay of Execution" meant the court had decided to review his certiorari petition without the supporting documents. (Doc. No. 1-1 at 15.) Such a decision, however, would have required the court to conduct some kind of initial review to determine whether it could proceed without the supporting documents. Thus, Petitioner was on notice that as early as July 19, 2017, the NCCOA had conducted a review of his petition.

Next, Petitioner states he then waited until March 29, 2018 before checking on the status of his certiorari petition because he believed certiorari review "to be synonymous to a direct appeal" and "rel[ied] on literature from N.C. Prisoner Legal Services stating that an appeal can

5

take up to a year to decide." (Doc. No. 1-1 at 15.)  Petitioner's explanation strikes this Court as post-hoc rationalization.  The literature Petitioner cites contains information about both direct appeal and post-conviction collateral attack, including post-MAR petitions for a writ of certiorari.  (Guide to Post-Conv. Proc. 1, Pet'r's Att. 11, Doc. No. 1-16.)  If the Guide explains how long a direct appeal generally takes, and why (id. at 2), it stands to reason that it provides similar information about a post-MAR petition for writ of certiorari and thus, should leave no reason for Petitioner to believe the two are the same.  Notably, Petitioner has attached only direct appeal-related information from the Guide.  (Id. at 1-2).  The Court notes further that notwithstanding his purported belief that the two proceedings are synonymous, Petitioner waited less than a year to check on his petition's status.

Regardless, Petitioner's purported misunderstanding about certiorari review does not justify equitable tolling.  "[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's own ignorance or mistake does not warrant equitable tolling . . . ."); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that a pro se prisoner's ignorance of the law warranted equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (same)).

Petitioner received notice in July 2017 that the NCCOA had rejected his request for an opportunity to comply with Rule 21(c) and avoid dismissal of his certiorari petition.  Given that the request was dismissed without explanation, diligence required that Petitioner not wait another

6

eight months to inquire about the status of his certiorari petition.

### IV: CONCLUSION

The § 2254 habeas Petition is untimely under 28 U.S.C. § 2244(d)(1)(A), and Petitioner has demonstrated neither diligence in pursuing his rights nor that an extraordinary circumstance external to his own control prevented him from timely filing a federal habeas petition, see Holland, 560 U.S. at 649. Consequently, he is not entitled to equitable tolling of the statute of limitations, and his Petition shall be dismissed as untimely.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as untimely under 28 U.S.C. § 2244(d)(1)(A);

2. The Motion to Proceed In Forma Pauperis (Doc. No. 3) is **DENIED** as moot; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: November 20,

Frank D. Whitney
Chief United States District Judge